IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:13-CR-0130-SCJ-JFK |
| ENEDINA DEL CARMEN MORENO, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

On December 15, 2013, Defendant's counsel filed a motion seeking a psychiatric examination of Defendant [Doc. 100], and the Government did not oppose the motion [Doc. 101]. On December 18, 2013, the District Court granted that request. [Doc. 102]. On May 8, 2014, Defendant met with Andrea Elkon, Ph. D., for a psychiatric examination.[1] The report of examination was received by the court on June 10, 2014. After the report was reviewed by the Government and Defendant, neither party objected to the report or requested a competency hearing. Based on the report presented to the court and absent objection from either party, the court recommends that Defendant be found competent to stand trial.

---

[1]Defendant and the Government agreed upon one examination by Dr. Elkon.

**I.     Competency Report**

On May 8, 2014, Defendant met with Dr. Elkon for a competency examination. In addition to conducting the examination, Dr. Elkon reviewed a number of documents, including the criminal complaint outlining the alleged illegal conduct in this case, prior neurological examinations, and medication record, spoke with Defendant's daughter and conducted the Montreal Cognitive Assessment. After explaining to Defendant the purpose of the interview, Dr. Elkon asked Defendant questions about the nature of the criminal proceedings she was facing and her awareness of the consequences of those proceedings. Dr. Elkon also asked Defendant questions about her lawyer and her ability to work with him for her defense.

Based on Defendant's responses to those questions, Dr. Elkon concluded:

At the time of this evaluation, Ms. Moreno exhibited adequate awareness of her current legal situation, including the nature of her charges and possible consequences. She also demonstrated knowledge of available pleas, basic legal proceedings, and the roles of courtroom personnel. Based upon her spontaneous assertions regarding more advanced legal concepts, such as the plea bargaining process, this defendant's legal knowledge seemed relatively sophisticated. In the instances that she did not know certain information, such as the details of the insanity plea, she was able to retain this material following instruction. Additionally, Ms. Moreno was able to provide a logical and detailed account of the circumstances surrounding the alleged offenses. She appeared clinically stable, and her cognitive skills were more than sufficient for communicating appropriately with this evaluator. It is believed that she

2

would exhibit similar behavior when interacting with counsel and participating in legal proceedings. In fact, Ms. Moreno expressed trust in her attorney and identified numerous ways in which she could assist him in her defense.

(Competency Report at 3).² Dr. Elkon concluded that, "Ms. Moreno **was capable** of understanding the nature and object of the proceedings against her, as well as her own condition in reference to these proceedings. Furthermore, Ms. Moreno **was capable** of providing her attorney proper assistance in her defense. Therefore, it is the opinion of this evaluator that, at the time of this evaluation, Ms. Moreno **was competent to stand trial**." (Id. at 3-4).

Additionally, although Defendant had "a history of experiencing marked situational stress, consequent to which she becomes 'depressed' and anxious[,]" Dr. Elkon found Defendant to be "clinically stable at the time" of the evaluation and found that "any mild depressive or anxiety symptoms" did not "interfere with her ability to behave and communicate appropriately throughout the interview." (Competency Report at 6). Finally, Dr. Elkon found that Defendant "exhibited cognitive skills necessary for processing, comprehending, and retaining information germane to this evaluation." (Id.).

---

²A copy of the report is being filed under separate order UNDER SEAL in conjunction with the filing of this Report and Recommendation.

3

## II.     Discussion

Title 18, United States Code, Section 4241(a), provides that the court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  As provided for by § 4241(b), the District Court ordered a psychiatric evaluation.  [Doc. 102].  Following the examination on May 8, 2014, the court received the report of the forensic psychiatrist (Competency Report) pursuant to § 4247(c), which as required, included Defendant's history and present symptoms, a description of the tests that were employed and the results of those tests, the examiner's findings, and the examiner's opinion as to diagnosis and as to "whether [Defendant] is suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense."  18 U.S.C. § 4147(c).

Following the evaluation, the proceedings are governed by §§ 4241(c) and (d), which provide for a hearing to be conducted for the court to determine whether, "by

4

a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. §§ 4241(c), (d). However, after review of Dr. Elkon's report by the Government and counsel for Defendant, neither party requested a competency hearing, instead, submitting the issue based on the information contained in the report.

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005). The test for determining competency to stand trial is "whether [Defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 80 S. Ct. 788, 789 (1960) (citations and internal quotation marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759. "'[A defendant] raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence[.]'" United States v. Bradley,

5

644 F.3d 1213, 1268 (11th Cir. 2011) (citation omitted); accord Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).

"'[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.' . . . Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (finding that Battle's "courtroom outbursts, odd behavior, and history of mental illness" did not "mandate a finding of incompetency").

In this case, the court received the report of a qualified expert in the field of forensic psychiatry finding that Defendant was competent to stand trial. (Competency Report at 2-4). There was no finding that Defendant is suffering from any mental disease or defect that would undermine her ability to understand the proceedings and assist her counsel in her defense. (Id. at 6). Neither party presented any information to the court establishing that the court should not rely on Dr. Elkon's opinion. For this reason, and because neither party requested a competency hearing, the court finds that a competency hearing is not required for the court to make a determination as to

6

Defendant's competency to stand trial.  See United States v. Johns, 390 Fed. Appx. 963, 969 (11th Cir. 2010) ("Due process requires that an adequate hearing be held on competency when the evidence raises a bona fide doubt as to defendant's competency to stand trial . . . .") (quoting Fallada v. Dugger, 819 F.2d 1564, 1568 (11th Cir. 1987)) (internal quotation marks omitted); United States v. Williams, 262 Fed. Appx. 165, 173 (11th Cir. 2008) ("A district court may rule on [the issue of defendant's competency] without [the] benefit of a full dress hearing as long as the court has no bona fide doubt as to the competence of the defendant.") (quoting United States v. Nichels, 324 F.3d 1250, 1252 (11th Cir. 2003)) (internal quotation marks omitted); Wright v. Secretary for the Dep't of Corrections, 278 F.3d 1245, 1259 (11th Cir. 2002) ("Only [a defendant] who presents clear and convincing evidence creating a real, substantial, and legitimate doubt as to his competence to stand trial is entitled to a hearing on his substantive competency claim.") (citation and internal quotation marks omitted).  After consideration of all of the evidence, the court credits the conclusions of Dr. Elkon and finds that there is no bona fide doubt that Defendant is competent to stand trial.

### III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant be found competent to stand trial.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO RECOMMENDED AND ORDERED** this 12th day of June, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

8